IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 22, 2026

## JANA LYNN BECK v. MICKEY LEWIS BECK

**Appeal from the Circuit Court for Wilson County**
**No. 24-DV-463      Clara W. Byrd, Judge**

_____

## No. M2026-00926-COA-T10B-CV

_____

This is an accelerated interlocutory appeal as of right pursuant to Tennessee Supreme Court Rule 10B § 2.02 from the trial court's denial of a motion for recusal. Having reviewed the petition for recusal on appeal, we affirm the trial court's decision to deny the motion for recusal.

**Tenn. Sup. Ct. R. 10B Accelerated Interlocutory Appeal;**
**Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., C.J., delivered the opinion of the court, in which STEVEN W. MARONEY and WILLIAM E. PHILLIPS II, JJ., joined.

Mickey Lewis Beck, Lascassas, Tennessee, pro se.

Tiffany D. Hagar and Isaac A. Wilson, Lebanon, Tennessee, for the appellee, Jana Lynn Beck.

## OPINION

### I.

Tennessee Supreme Court Rule 10B governs appeals from orders denying motions to recuse. *See Elseroad v. Cook*, 553 S.W.3d 460, 467 (Tenn. Ct. App. 2018). Pursuant to section 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal. The appeal is perfected by filing a petition for recusal appeal with the appropriate appellate court. *See* Tenn. Sup. Ct. R. 10B, § 2.02. "To effect an accelerated interlocutory appeal as of right from the denial of a motion for disqualification or recusal of the trial court judge, a petition

for recusal appeal shall be filed . . . within twenty-one days of the trial court's entry of the order."[1] *Id.*

Our standard of review in a Rule 10B appeal is de novo. *See* Tenn. Sup. Ct. R. 10B, § 2.01. "De novo" means "anew, afresh, a second time." *Austermiller v. Austermiller*, No. M2022-01611-COA-T10B-CV, 2022 WL 17409921, at *1 (Tenn. Ct. App. Dec. 5, 2022) (citing *Simms Elec., Inc. v. Roberson Assocs., Inc.*, No. 01-A-01-9011-CV-00407, 1991 WL 44279, at *2 (Tenn. Ct. App. Apr. 3, 1991) (quoting *Black's Law Dictionary*, 392 (5th ed. 1979)).

If we determine, after reviewing the petition and supporting documents, that no answer is needed, we may act summarily on the appeal. Tenn. Sup. Ct. R. 10B, § 2.05. Otherwise, this court must order an answer and may also order further briefing by the parties. *Id.* Tennessee Supreme Court Rule 10B section 2.06 also grants this court the discretion to decide the appeal without oral argument. Following a review of the petition for recusal appeal, we have determined that neither an answer, additional briefing, nor oral argument is necessary, and we elect to act summarily on the appeal in accordance with Rule 10B sections 2.05 and 2.06.

## II.

Rule 10B specifies how a motion for recusal is to be presented to the trial court:

Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a timely filed written motion. The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Tenn. Sup. Ct. R. 10B, § 1.01.

We will not consider additional allegations of bias raised on appeal when not included in the initial motion for recusal filed in the trial court. *See Malone v. Malone*, No. W2023-00843-COA-T10B-CV, 2023 WL 8457951, at *14 (Tenn. Ct. App. Dec. 6, 2023); *see also McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *6 n.3 (Tenn. Ct. App. Feb. 11, 2014). Stated another way, the allegations must first be presented to the trial judge in a motion for recusal. *See id.*

---

[1] The order denying the motion to recuse was entered in the trial court on May 29, 2026. The Petition for Recusal Appeal was filed with this court on June 19, 2026. Thus, the Petition was timely filed.

"The party seeking recusal bears the burden of proof." *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016) (citing *Williams ex rel. Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015)); *Cotham v. Cotham*, No. W2015-00521-COA-T10B-CV, 2015 WL 1517785, at *2 (Tenn. Ct. App. Mar. 30, 2015). Specifically, "[a] party challenging the impartiality of a judge 'must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned.'" *Id.* (quoting *Duke v. Duke*, 398 S.W.3d 665, 671 (Tenn. Ct. App. 2012)).

"A motion to recuse should be granted when judges have any doubt about their ability to preside impartially in a case or when 'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Boren v. Hill Boren, PC*, 557 S.W.3d 542, 548 (Tenn. Ct. App. 2017) (quoting *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564 (Tenn. 2001)).

III.

The motion for disqualification and recusal of Judge Byrd was filed by Mickey Lewis Beck (hereinafter "Petitioner") on May 5, 2026. The stated grounds for the motion read in pertinent part:

**A. Statements Concerning Disability and Request for ADA Accommodation.**

During a prior hearing in this matter, the parties reached an Agreed Order granting the Husband full control of the business. Immediately following the entry of this agreement, the Husband formally requested reasonable accommodations under the Americans with Disabilities Act (ADA).

In response, the Court made the following statements:

"Did you expect the court to give you special attention?"
"If you need special attention, how can you run a business?"
The Court then directly inquired of the Wife, "Do you want the business back?"

These statements, made in response to a request for ADA accommodations, create an objective appearance of bias or prejudice concerning Husband's disability status and raise reasonable questions regarding the Court's impartiality under Tenn. Sup. Ct. R. I 0, Canon 2, Rules 2.3(8) and 2.11. B.

**B. Effect of Court Rulings on Husband's Ability to Present Evidence**.

On March 23, 2026, Husband filed a sworn Declaration/Timeline of Events,[2] identifying significant financial issues requiring evidentiary development, including:

1. Substantial loss of business income over a defined period;
2. Alleged diversion of business activity and revenue;
3. Concerns regarding preservation and availability of electronic and financial records. Husband requested the opportunity for forensic accounting and related discovery to develop these issues.

To date, no forensic review or comparable evidentiary development has been ordered.

As a result, Husband has been unable to meaningfully develop and present material evidence relevant to the marital estate.

This limitation, when considered together with the Court's prior statements, creates an appearance that Husband cannot receive a full and fair opportunity to present his case.

**C. Entry of Written Order Inconsistent with Hearing Record.**

Furthermore, the Court permitted opposing counsel to submit, and subsequently entered, a written order that contains characterizations of Husband's ADA accommodation request that are inconsistent with the statements made during the hearing.

The entry of an order that does not accurately reflect the events as they occurred in open court, particularly concerning Husband's request for accommodations, contributes to an objective appearance that the record has been altered in a manner that is adverse to Husband.

This circumstance, when considered alongside the Court's prior statements and the limitations placed on Husband's ability to develop evidence, raises reasonable questions as to the Court's impartiality and supports recusal under Tenn. Sup. Ct. R. JOB and Rule 2.11.

Petitioner's motion for recusal is supported by an affidavit that appears at the end of the motion, which simply states: "I have personal knowledge of the facts stated in the

---

[2] Hereafter, the "Declaration/Timeline."

foregoing Motion. The statements contained therein are true and correct to the best of my knowledge, information, and belief."[3] Consequently, the only facts we may consider are those set forth in the motion. *See Malone v. Malone*, 2023 WL 8457951, at \*14; *see also McKenzie v. McKenzie*, 2014 WL 575908, at \*6 n.3. (We will not consider allegations of bias raised on appeal that are not included in the initial motion for recusal filed in the trial court).

In addition to the grounds set forth in the recusal motion, he contends in his Petition for Recusal Appeal that the trial court failed to comply with Rule 10B by not ruling on his motion prior to conducting a hearing on May 15, 2026, when the court conducted a hearing concerning other motions filed by the parties. He also contends the trial court erred by not promptly filing its written order denying his motion.

IV.

We begin with Petitioner's contentions that the trial court erred by failing to act promptly on his recusal motion. Petitioner notes that his motion for recusal was filed on May 5, 2026, the trial court did not consider his motion until May 15, 2026, during a scheduled hearing on other pending motions, and did not file its written order denying the motion until May 29, 2026.

Rule 10B provides that the trial court shall promptly grant or deny the recusal motion and make no further orders and take no further action on the case while the recusal motion is pending, except for good cause stated in the order in which such action is taken.[4] *See* Tenn. S. Ct. R. 10B, Section 1.02 and 1.03. Nevertheless, it is axiomatic that the judge must be informed of the filing of the motion for the judge to be expected to rule on the motion. Here, it is readily apparent that Judge Byrd was not aware that a recusal motion had been filed until the May 15 hearing. This is evident from the fact that counsel for the wife brought the motion to the court's attention during the hearing at which time Judge Byrd replied that she did not know the motion had been filed and stated she needed to read

---

[3] Petitioner also filed an Amended and Supplemental Affidavit which merely states that "the facts set forth in the Motion for Judicial Disqualification and Recusal filed on May 5, 2026, are true and correct to the best of my personal knowledge" and that "said motion is made in good faith and is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

[4] When a trial court ignores a pending motion to recuse and enters further orders in a case without making a finding of good cause as dictated by Rule 10B section 1.02, the orders entered during the pendency of the motion to recuse may be vacated on appeal. *See Matter of Conservatorship of Tapp*, No. W2021-00718-COA-R3-CV, 2023 WL 1957540, at \*10 (Tenn. Ct. App. Feb. 13, 2023) (citing *Ophelia Carney v. Santander Consumer USA*, No. M2010-01401-COA-R3-CV, 2015 WL 3407256, at \*7 (Tenn. Ct. App. May 28, 2015) (vacating order entered while motion to recuse was pending) (other citations omitted).

the motion. We also note that it was during the hearing on May 15 that Judge Byrd ruled on the recusal motion, stating from the bench the reasons the motion was denied. Thus, Judge Byrd promptly ruled on the motion once made aware that the motion had been filed.

Petitioner also contends that the trial court erred by not entering a written order denying his recusal motion until May 29, 2026, fourteen days after it announced its ruling from the bench. In making this argument he relies on Section 1.03 of Rule 10B which provides that the trial court shall "promptly" grant or deny the recusal motion "by written order." *See* Tenn. S. Ct. R. 10B, Section 1.03. Indeed, promptly entering the recusal order would have been the "better practice," but we have declined to vacate an order entered during the pendency of a motion to recuse when the trial judge had orally denied the motion to recuse prior to entering the written order on a substantive issue.[5] *See Conservatorship of Tapp*, WL 1957540, at \*10 (citing *In re Conservatorship of John Danieal Tate*, No. M2012-01918-COA-10B-CV, 2012 WL 4086159, at \*3 (Tenn. Ct. App. Sept. 17, 2012)).

We note that the trial court issued oral rulings during the May 15 hearing on two other motions; however, the written orders concerning those motions were not entered until May 29 when the recusal order was entered. Thus, no orders were filed in the interim. Moreover, Petitioner has failed to identify any prejudice resulting from the brief delay in entering the recusal order. Therefore, based on the unique facts of this case, we hold that the delay in ruling on the recusal motion and the delay in filing the recusal order fail to provide a sufficient basis for reversing the trial court's decision to deny the recusal motion.

We now turn our attention to the grounds identified in the motion filed in the trial court which can be summarized as follows. One, Petitioner contends statements made by the trial court in response to a request for ADA accommodations create an objective appearance of bias or prejudice concerning the husband's claimed disability. Two, Petitioner contends the trial court's failure to act on the Declaration/Timeline, identifying significant financial issues requiring evidentiary development, exhibited a bias. Three, he contends the trial court exhibited bias by permitting opposing counsel to submit a written order that contained "characterizations of Husband's ADA accommodation request that are inconsistent with the statements made during the hearing," which the court approved.

As for the first ground, which relates to Petitioner's request for ADA accommodations, we note that the court expressly asked Petitioner during a hearing whether any accommodation was presently being requested to which Petitioner responded, "No accommodation needed, Your Honor." Thus, we fail to see how the trial court's handling of this issue supports his bias contention.

---

[5] We also note, as explained in *Guo v. Rogers*, No. M2020-01321-COA-T10B-CV, 2020 WL 6781244 at \*4 (Tenn. Ct. App. Nov. 18, 2020), that the trial court may enter orders while a Rule 10B motion is pending that are based upon rulings the court made from the bench before the recusal motion was filed.

Regarding the contention that the trial court's failure to act on his Declaration/Timeline exhibited bias, the record fails to show that Petitioner filed a motion or otherwise took action to schedule a hearing for the court to consider these issues. As the trial court stated in its order denying recusal, "the court has addressed everything that was properly raised and the court could not address things that weren't properly raised."

In the context of his Declaration/Timeline argument, Petitioner also contends it is the fault of the trial court that "To date, no forensic review or comparable evidentiary development has been ordered. As a result, Husband has been unable to meaningfully develop and present material evidence relevant to the marital estate." However, contrary to Petitioner's argument, it is Petitioner's responsibility to prepare his case, not the trial court. Thus, the trial court's failure to act on the Declaration/Timeline fails to provide a sufficient basis for reversal of the trial court's decision to deny the recusal motion.

For his third ground, Petitioner contends the trial court exhibited bias against him by permitting opposing counsel to submit a written order that contained "characterizations of Husband's ADA accommodation request that are inconsistent with the statements made during the hearing." As we have repeatedly stated, "it is permissible and indeed sometimes desirable for the trial court to permit counsel for any party to submit proposed findings and conclusions." *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 314 (Tenn. 2014) (citations omitted). Nevertheless, the findings and conclusions must accurately reflect the decision of the trial court. *See id.* at 316. Thus, if and when opposing counsel submits a proposed order for the court's approval, it is incumbent on a party to raise any objection to the proposed order when it is circulated. Here, the record fails to reveal any objection raised by Petitioner prior to the approval and entry of the order.

V.

Throughout his Petition for Recusal Appeal, Petitioner repeatedly states that his appeal "does not seek review of the substantive merits of the underlying domestic relations proceedings." Rather, he states, it presents the question of "whether the record, viewed objectively, would cause a person of ordinary prudence, knowing all relevant facts, to reasonably question the [trial] court's impartiality." However, the grounds identified in the recusal motion belie this contention. On the contrary, it is apparent that Petitioner's arguments are centered on the adverse rulings or lack of rulings as well as the sequence of events—what he refers to as "the broader procedural record." And as this court has repeatedly noted, adverse rulings by the court seldom serve as a ground for recusal. *See State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008); *see also Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994)). Indeed, "[r]ulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Alley v. State*, 882 S.W.2d at 821.

In closing, "[t]he party seeking recusal bears the burden of proof." *In re Samuel P.*, 2016 WL 4547543, at *2 (citations omitted). More specifically, "[the] party challenging the impartiality of a judge 'must come forward with evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned.'" *Id.* (quoting *Duke v. Duke*, 398 S.W.3d at 671). And to merit recusal of a trial judge, "prejudice must be of a personal character, directed at the litigant, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other that what the judge learned from . . . participation in the case.'" *Alley v. State*, 882 S.W.2d at 821. Based on the record before us, we hold that Petitioner has failed to carry his burden of proof to merit recusal.

For the foregoing reasons, we affirm the judgment of the trial court in denying the recusal motion.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Petitioner, Mickey Lewis Beck.

_____
FRANK G. CLEMENT, JR., C.J.